# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 5:14-CR-0008 |
| **v.** ) | |
| ) | |
| **ROGER WESLEY FARRIS,** ) | |
| ) | By: Michael F. Urbanski |
| **Defendant** ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Roger Wesley Farris's pro se motion for early termination of supervised release. ECF No. 11. For the reasons stated below, the court **DENIES without prejudice** Farris's motion.

On July 7, 2010, Farris pleaded guilty to one count of persuading, inducing, enticing, or coercing an individual under the age of 18 to engage in prostitution or any sexual activity for which any person can be charged in a criminal offense, or attempting to do so, in violation of 18 U.S.C. § 2422(b). United States v. Farris, No. 2:10-cr-130-DSC (W.D. Pa., complaint filed Mar. 6, 2008). On January 12, 2011, he was sentenced to a 44-month term of incarceration to be followed by a 15-year term of supervised release. Id. at ECF no. 44.

Farris was released from prison to begin serving his term of supervised release on January 17, 2014 and has completed more than 7 years of the 15-year term.[1] While on supervision, he has participated in extensive therapy with mental health care providers who specialize in treating sex offenders. Letter from Farris, ECF No. 11. He has participated in

---

[1] On February 26, 2014, jurisdiction over Farris's term of supervised release was transferred to this court. ECF No. 1.

1

support groups for persons addicted to sex and has been very active in volunteer groups in his community. In addition, he has been a stay-at-home father to his three daughters and takes care of the house, garden, and small orchard. In his letter, Farris cites difficulties in travel outside of the district for family purposes and notes that ongoing supervision may preclude him from visiting his daughters should they attend college out of the district.

The court sought input from Farris's United States Probation Officer, who confirmed that Farris has done well on supervision, but nevertheless did not recommend early termination of supervised release. The reason for the recommendation is that shortly after he requested early termination it was discovered via computer monitoring software that Farris was spending many hours viewing scantily clad and nude women, some of whom appeared to be barely over the age of eighteen. While the activity was not illegal, it raised concerns which were discussed with Farris.

The court also sought input from the United States, which filed a response in opposition to Farris's request for early termination. ECF No. 13. The government's opposition to Farris's request is based on the serious nature of his underlying offense sex offense. According to the Presentence Investigation Report ("PSR"), in March 2008, Farris contacted an undercover officer posing as a man who had a 10-year-old niece living in West Virginia. Farris offered $300 to $400 to the man to have sex with the child and eventually agreed to pay $700 plus $50 for transportation expenses. Farris and the undercover officer arranged to meet at a hotel and Farris sought repeated assurances that the child was in fact 10 years old and that she looked "real young." He suggested that if she were "great," he might

become a "regular." Farris was arrested when he approached a vehicle he thought the girl was in.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment

goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. Farris was convicted of arranging to have sex with a 10-year old girl. Although the offense occurred more than 13 years ago, the serious and dangerous nature of Farris's offense weighs against early termination of supervised release.

Looking at the second § 3553(a) factor, the court finds that while Farris does not appear to present any threat of committing further crimes, adhering to the rules that are part of his supervised release for an additional period will provide him with appropriate structure as he continues to address his sex addiction and gain insight into what led him to commit his offense. Regarding the range of supervised release terms for the category of offense committed by Farris, the 15-year term imposed by the court is at the low end of the statutory term of 5 years to life. See 18 U.S.C. §§ 2242 and 3583(k). Thus, it is reasonable and appropriate to require Farris to remain on supervision at this time. None of the remaining factors weigh either in favor of or against early termination of supervised release.

Having considered the § 3553(a) factors, the opinion of the probation officer overseeing Farris's supervised release, and the position of the United States, the court **DENIES without prejudice** Farris's motion for early termination. To his credit, the court notes Farris's adherence to the conditions of supervised release, his positive attitude, his pursuit of sex offender therapy, and his commitment to success. But the court finds that it is

both in Farris's best interest and in the best interest of the community for him to continue to be supervised at this time.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: April 22, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.22 13:52:36
-04'00'

_____

Michael F. Urbanski
Chief United States District Judge

5